UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22778-CIV ALTONAGA/SIMONTON

LORI ANN PERRY,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD.,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S RENEWED MOTION TO COMPEL**

This matter came before the Court upon Plaintiff's Renewed Motion to Compel Discovery (DE # 19). Defendant NCL (Bahamas) Ltd. ("NCL") has filed a Response in opposition (DE # 25), and Plaintiff has filed a Reply (DE # 26). The Honorable Cecilia M. Altonaga has referred all discovery in this case to the undersigned Magistrate Judge (DE # 11). Upon a review of the record as a whole, and for the reasons stated below, the Motion is granted.

    I.    **Background and Motion**

Plaintiff seeks damages for permanent bodily injuries, primarily to her knee, that she allegedly suffered due to Defendant's negligence when Plaintiff slipped and fell on a "non-apparent liquid substance" on an outside deck in a food service area of Defendant's vessel, Norwegian Sky (DE ## 1; 19; 25 at 1). Defendant has denied these allegations and asserted several affirmative defenses (DE # 6).

In her requests for production, Plaintiff seeks from NCL, *inter alia*, all photographs concerning the scene of the incident. NCL asserted an objection to this request, based on "work product and/or attorney-client privilege," and indicated that it possesses two photographs of the area in question taken by ship security, in anticipation of litigation,

about an hour after the incident (DE # 19 at 1-2).[1]  Plaintiff moves to compel production of these two photographs, asserting that they are not protected by the work product doctrine, and, even if they were, Plaintiff is entitled to them because such facts are otherwise unavailable to her and she has a substantial need for them (DE # 19 at 2-5). Defendant responds that the photographs are protected by work product, and Plaintiff's access to the scene, both currently and at the time of the incident, along with her access to depose those who saw the scene at the time of the incident, precludes her from pleading undue hardship (DE # 25 at 2-6).

II.     <u>Legal Standard and Analysis</u>

Federal Rule of Civil Procedure 26(b), which sets forth the work product doctrine, provides, in relevant part:

> 3) Trial Preparation: Materials.
>
> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).  But, subject to Rule 26(b)(4), those materials may be discovered if:
>
>> (i) they are otherwise discoverable under Rule 26(b)(1); and
>>
>> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

As other courts have concluded, work product protection is more akin to a qualified immunity than to an absolute privilege because the protection can be overcome upon a proper showing by the party seeking discovery of the materials.  *Henderson v. Holiday*

---

[1] While Defendant's objection ambiguously asserts "work product and/or attorney-client privilege," the parties' arguments have been limited to the work product doctrine, as is this Order.

*CVS, LLC*, 269 F.R.D. 682, 688 (S.D. Fla. 2010) (citing *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (5th Cir. 1984)); *Int'l Telephone & Telegraph Corp. v. United Telephone Co. of Fla.*, 60 F.R.D. 177, 186-87 (M.D. Fla. 1973) (finding same). Therefore, even if the Court were to accept for purposes of this analysis, as Defendant argues, that the photographs at issue are protected work product, Plaintiff would, nonetheless, be entitled to copies of the photographs if they are otherwise discoverable and she can show that she "has substantial need for [them] to prepare [her] case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3).

Plaintiff seeks copies of two photographs from the morning of the incident, taken about an hour thereafter, by one of Defendant's employees. Other courts have considered whether such photographs should be produced. Specifically in regard to contemporaneous photographs taken by cruise line employees as part of their investigation, at least one court has held that a plaintiff satisfies her burden of demonstrating undue hardship when the photographs are not otherwise available to her. *Eisenberg v. Carnival Corp.*, 2008 WL 2946029, No. 07-22058-CIV, at *1 (S.D. Fla. July 7, 2008). In *Eisenberg,* the plaintiff claimed that she slipped and fell on salad dressing in a dining room aboard one of the defendant's vessels. Defendant had photographs taken of the scene, in connection with its investigation. The court found such photographs to be fact work product but subject to production, noting that they were "critical items of evidence." "As those contemporaneous photographs were not otherwise available to Plaintiff, Plaintiff satisfied her burden of showing substantial hardship requiring production of the photographs." *Id.*

Another court in a different context has found similarly. In *Zoller v. Conoco, Inc.*, 137 F.R.D. 9, 9-10 (W.D. La. 1991), the court discussed the value of photographs of a

3

scene where injuries occurred on an oil rig platform, compared to the verbal description of someone who was at the scene.  In finding that the plaintiff who had suffered injuries had demonstrated substantial need for the photographs, and the present inability to obtain the substantial equivalent, the court noted,

> A verbal description of a given area cannot substitute for photographs of the location.  The description may omit relevant information such as whether certain signs were posted or whether certain items were present.  Further, an expert may be unable to reach conclusions that may be of aid to the jury as to the composition of materials and construction at the location from incomplete verbal descriptions.  Finally, a picture is certainly worth a thousand words to a jury, as well as to witnesses who may be unable to separate their recollection of the site as it appeared then from the present appearance of the site.

*Id.* at 10.  *Zoller*'s facts are distinguishable because the court noted that the appearance of the scene of the accident, post-accident, had "changed dramatically."  Nonetheless, the court's analysis of the hardship in this discovery context, presented to a plaintiff who alleges injury due to a temporary condition, holds true; any eyewitness account of the scene of Plaintiff's alleged accident will fall short of the information the photographs can provide, particular under these circumstances when the alleged liquid that was temporarily on the floor, a liquid that Plaintiff claims was visually "non-apparent" at the time of her fall, no longer exists as a current condition of the scene, yet lies at the heart of Plaintiff's claims.

In refuting Plaintiff's claims, Defendant appears to argue that, since Plaintiff's fiancé had contemporaneous access to the scene of the incident, Plaintiff cannot make the requisite showing that she is unable to obtain substantially equivalent information by other means.  Defendant, however, provides no legal support for this argument, nor, as Plaintiff points out in her Reply, does the logic of this argument appear to stand scrutiny.  Additionally, Defendant relies on *Hickman v. Carnival Corp.,* 04-20044-CIV-UNGARO (S.D.Fla. Aug. 16, 2004, DE # 34), but its analysis relies on distinguishable facts.  In

4

*Hickman*, Plaintiff Mary Hickman alleged injuries suffered when her bar stool broke (*See Id.* at DE # 1).  These facts do not reflect a transient condition of the location; the bar stool was almost certainly as broke months after the incident as it was on the date of the incident (barring spoliation), and the surrounding conditions presumably substantially the same or not relevant.  Therefore, as Magistrate Judge Brown aptly noted in his Order, Plaintiffs had access to several means of discovery in order to obtain information substantially equivalent to that which photographs might otherwise provide, and Plaintiff had not taken advantage of any of these discovery tools.  In contrast, in the case at bar, Plaintiff alleges that her injuries were due to a substance temporarily producing an unsafe surface at the time of the injuries.  Accordingly, contemporaneous photographs of the scene of the incident provide information, the substantial equivalent of which Plaintiff cannot obtain by other means.  While Plaintiff's examination of the scene of the incident and deposition of the Defendant's employees or others who observed the scene provide relevant information, the photographs are "critical items of evidence" that Plaintiff cannot otherwise obtain.

Moreover, Judge Brown's Order did not distinguish between the photographs at issue and the incident reports, as both were apparently at issue.  Plaintiff in the case at bar seeks copies of the two photographs only.  These photographs are factual in nature; Defendant does not assert that the photographs will reveal some other aspect of its litigation strategy, mental impressions or legal theories, nor does Plaintiff seek to compel any related incident or investigative report.  Defendant simply claims that Plaintiff should have taken her own pictures at the time of the incident or can depose others as necessary and take current pictures of the scene.  Defendant's claims, however, are unavailing.  On this record, Plaintiff left the scene to receive medical treatment at the time of her alleged fall.  Thus, she was unable to take contemporaneous photographs,

5

and she should not be required to rely on others to do so. The photographs taken by the Defendant are the only near-contemporaneous depiction of the area where the Plaintiff fell, and any requirement that she attempt to recreate the scene of the accident and photograph it, herself, after the fact, is fraught with peril, since such photographs would not be as reliable as photographs taken at the time, and would depend upon her accurate observation and recollection of the surroundings at the time.

In sum, although the photographs may be work product, there is no indication that the photographers' actions were directed by an attorney, other than a general direction to take photographs of the accident scene. Thus, there is no mental process of the attorney that will be revealed, and the Plaintiff has no other way to obtain an accurate visual depiction of the area at or about the time of the accident. This is so, even assuming removal of the transitory substance that Plaintiff alleges to have caused her fall; it is still important for the Plaintiff to have access to an accurate depiction of the physical surroundings at the time.

Therefore, upon a review of the record as a whole, and for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Renewed Motion to Compel Discovery (DE # 19) is **GRANTED**, as described in the body of this Order. Defendant shall produce the two photographs in question on or before Friday, December 16, 2011.

**DONE AND ORDERED** in Miami, Florida, on December 12, 2011.

_Andrea M. Simonton_
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**

**The Honorable Cecilia M. Altonaga,**
        **U.S. District Judge**
**Counsel of Record**